**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KRISTIAN MINOR** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:26cv278 CWR-LGI**

**DOUGLAS A. COLLINS**
***Secretary of Veterans Affairs*** **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Leave to Proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a)(1). Upon finding Plaintiff's initial application and financial affidavit deficient, this Court ordered her to cure the deficiencies by filing a supplemental application using the *Application to Proceed in District Court Without Prepaying Fees or Costs* (Long Form AO 239) ("IFP"). Having now examined Plaintiff's application and supplementation, the undersigned recommends that Plaintiff's application be denied.

28 U.S.C. § 1915(a)(1) is intended to provide access to federal courts for those who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). A trial court has wide discretion in determining whether to grant or deny a motion to proceed *in forma pauperis. Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975). "This is especially true … in civil cases for damages, wherein courts

should grant the privilege sparingly." *Flowers*, 507 F.2d at 1244. Whether a party may proceed IFP in the district court is based on economic criterion, including, but not limited to, information related to the applicant's income, assets, bank accounts, or expenses. *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). Such information is necessary to assess "whether the movant can afford the costs [of filing] without undue hardship or deprivation of the necessities of life." *Id.* If the plaintiff's financial information shows that a filing fee would cause "undue financial hardship," the district court has discretion to reduce or waive the fee. *Id.*; *see also Adkins v. DuPont*, 335 U.S. 331, 339 (1948).

The opportunity to proceed IFP in civil cases is not a right, but a privilege to be granted sparingly. This is because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In evaluating whether a request to proceed IFP should be granted, courts often look to the Poverty Guidelines issued annually by the United States Department of Health & Human Services. *See* Annual Update of the Health and Human Services Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited July 10, 2026).

At the time of filing, Plaintiff reported $777.00 in average monthly income and $3,035.52 in monthly expenses. Plaintiff advised that her average monthly income, however, would increase to $3,894.00 the following month (May 2026). In support, Plaintiff submitted documentation showing that she started a new job as a Laboratory

Technician on March 30, 2026, and is now gainfully employed. The change in employment status is relevant to Plaintiff's IFP application. Indeed, even when the applicant is not currently employed, a court may consider the applicant's skills and future earning ability. *See Talley v. City of Durant, Mississippi*, No. 3:24-CV-367-TSL-RPM, 2026 WL 1392572, at *2 (S.D. Miss. May 1, 2026), *report and recommendation adopted sub nom. Talley v. City of Durant*, No. 3:24-CV-367-TSL-RPM, 2026 WL 1390625 (S.D. Miss. May 18, 2026) (collecting cases).

In addition to her income, Plaintiff reported $4000.00 in monthly spousal income, minus $1,927.00 in monthly expenses, leaving $2,073.00. Although the responsive information regarding Plaintiff's assets and those of her spouse is not entirely clear, they appear to split household and other expenses. Plaintiff, for example, responds "N/A" regarding home value, but she notes that her spouse pays $1,425.00 in rent/home-mortgage payments. She advises that she does not know the value of her spouse's 2019 Dodge Challenger, the only vehicle listed on the application, but she pays $684.04 in monthly installments on a motor vehicle, while her spouse pays $378.00 in car insurance.

Plaintiff also lists three dependent children, but it's unclear whether Plaintiff is solely responsible for financially supporting the children. In her supporting memorandum, she states: "I am responsible for supporting my three children and must use my income to ***help*** provide for necessities such as utilities, food, clothing, transportation and other essential expenses." (emphasis added).

To be sure, a plaintiff need not "be absolutely destitute" or spend "the last dollar they have" toward the payment of court costs to enjoy the benefit of IFP status. *Adkins*,

335 U.S. at 339. But Plaintiff "is not an indigent prisoner, nor does she reportedly subsist on social security, unemployment compensation, public assistance, or the like." *Coleman v. Take2 IT*, No. 3:25-CV-00120, 2025 WL 1899770, at *1 (S.D. Ohio July 9, 2025), *report and recommendation adopted,* No. 3:25-CV-120, 2025 WL 2145981 (S.D. Ohio July 29, 2025). And though she has only recently resumed full-time employment, as Plaintiff acknowledges, she is currently gainfully employed and so is her spouse. Indeed, her spouse's income, minus expenses, was more than enough to pay the filing fee at the time of filing. Federal Courts have frequently recognized that, for purposes of determining IFP eligibility, it is appropriate to consider any support that an IFP applicant might receive from a spouse, or from any other individual. *Ginters v. Frazier*, No. CIV.07-4681JMR/RLE, 2008 WL 314701, at *2 (D. Minn. Feb. 4, 2008); *accord Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002); *Dow v. Colvin*, No. 4:13-CV-299-A BJ, 2013 WL 1952092 (N.D. Tex. Apr. 15, 2013); *Williams v. Spencer*, 455 F. Supp. 205, 208 (D. Md. 1978)–09; *Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969, at *1 (N.D. Ill. Sept. 26, 2003) ("In evaluating the funds available to *in forma pauperis* movants, courts may consider the income or resources of interested persons, such as spouses and parents." (citation omitted)).

Even so, though Plaintiff advises that she is still "working to regain financial stability," her current income alone, as reported in in her supplemental application, places

her above the poverty guidelines for her household size.[1] And although her monthly expenses exceed her new salary, her future earnings alone will allow her to pay the filing fee if granted an extension of time to do so.

The undersigned therefore recommends that the current application be denied without prejudice. However, should the report and recommendation be adopted, the undersigned recommends that Plaintiff be granted 45 days from the date of adoption to pay the filing fee.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

[1] The annual household income for a family of five is $38, 680.00. https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited July 11, 2026).

the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on July 16, 2026.

s/LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE